Rehearing en banc granted, March 18, 2011

**PUBLISHED**

# UNITED STATES COURT OF APPEALS

## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

v.

JASON EDWARD SIMMONS,

*Defendant-Appellant.*

No. 08-4475

───────────────

NORTH CAROLINA ADVOCATES FOR JUSTICE,

*Amicus Supporting Appellant.*

On Remand from the Supreme Court of the United States.
(S. Ct. No. 09-676)

Argued: December 8, 2010

Decided: February 16, 2011

Before Sandra Day O'CONNOR, Associate Justice (Retired), Supreme Court of the United States, sitting by designation, and DUNCAN and AGEE, Circuit Judges.

Affirmed by published opinion. Judge Agee wrote the opinion, in which Justice O'Connor and Judge Duncan concurred.

## COUNSEL

**ARGUED:** Andrew Brady Banzhoff, DEVEREUX & BANZHOFF, PLLC, Asheville, North Carolina, for Appellant.

Amy Elizabeth Ray, OFFICE OF THE UNITED STATES ATTORNEY, Asheville, North Carolina, for Appellee. **ON BRIEF:** Anne M. Tompkins, United States Attorney, Adam Morris, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Charlotte, North Carolina, for Appellee. Christopher C. Fialko, RUDOLF WIDEN-HOUSE & FIALKO, Charlotte, North Carolina, for Amicus Supporting Appellant.

---

## OPINION

AGEE, Circuit Judge:

Jason Edward Simmons challenges the district court's use of a prior North Carolina state conviction for purposes of imposing an enhanced sentence under 21 U.S.C. § 841(b)(1)(D). The case is before us after a remand from the Supreme Court. *Simmons v. United States*, 130 S. Ct. 3455 (June 21, 2010). In a previous unpublished per curiam opinion, we concluded that our decision in *United States v. Harp*, 406 F.3d 242 (4th Cir. 2005), remained controlling precedent after the Supreme Court's intervening decision in *United States v. Rodriquez*, 553 U.S. 377 (2008). *United States v. Simmons*, 340 F. App'x 141 (4th Cir. 2009) (per curiam) (unpublished). We therefore affirmed the judgment of the district court because, under *Harp*, Simmons' state conviction qualified as a "felony drug offense" as defined in 21 U.S.C. § 802(44), and therefore supported an enhanced sentence under § 841(b)(1)(D). *Id.* at 143-44.

The Supreme Court granted certiorari, vacated our opinion, and remanded for further consideration in light of *Carachuri-Rosendo v. Holder*, 560 U.S. ___, 130 S. Ct. 2577 (2010). *See* 130 S. Ct. 3455. Having made that consideration, we again affirm the judgment of the district court.

## I.

Simmons pled guilty, without the benefit of a written plea agreement, to three criminal counts in the United States District Court for the Western District of North Carolina: (1) conspiracy to distribute at least 100 kilograms of marijuana, in violation of 21 U.S.C. §§ 841(a)(1) and 846; (2) possession of at least five kilograms of marijuana with intent to distribute, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(D); and (3) possession of at least twenty kilograms of marijuana with intent to distribute, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(A)(v).

The Government had previously filed an information pursuant to 21 U.S.C. § 851 notifying Simmons that it intended to rely on a January 1996 North Carolina state conviction ("1996 conviction") for possession with intent to sell or deliver marijuana, in violation of N.C. Gen. Stat. § 90-95(a), as the basis for seeking an enhanced sentence under 21 U.S.C. § 841(b)(1)(D).[1] Simmons opposed the Government's use of the 1996 conviction to support an enhanced sentence, arguing that the conviction did not qualify as a "felony drug offense" as defined in 21 U.S.C. § 802(44).[2] Furthermore, Simmons argued that even if the 1996 conviction was a § 802(44) felony drug offense, that conviction had been obtained in violation of his Sixth Amendment right to effective counsel. The district court rejected both of Simmons' arguments and sentenced Simmons to 120 months' imprisonment on each count, to be served concurrently.

---

[1]Section 841(b)(1)(D) provides that in a case involving possession with intent to distribute less than 50 kilograms of marijuana, "any person [who] commits such a violation after a prior conviction for a felony drug offense has become final, shall be sentenced to a term of imprisonment of not more than 10 years . . . ."

[2]21 U.S.C. § 802(44) defines "felony drug offense" to be "an offense that is punishable by imprisonment for more than one year under any law . . . of a State . . . that prohibits or restricts conduct relating to . . . marihuana . . . ."

Simmons appealed his sentence, making the same arguments he made in the district court. Specifically, he contended that he was not subject to the mandatory minimum sentence under § 841(b)(1)(D) for his current federal drug convictions because under North Carolina's sentencing system, he could not have received a sentence in excess of 12 months for his 1996 conviction because no aggravating factors were present in his case.[3] Simmons asserted that because his 1996 conviction could not subject *him* to imprisonment for more than a year, it was not a conviction for a "felony drug offense" as defined in § 802(44).

As noted, we affirmed the district court's judgment based on our decision in *Harp*. Following the vacatur of our opinion in the Supreme Court's remand order, we ordered supplemental briefing and heard additional oral argument on the applicability of *Carachuri-Rosendo* to the issues in this case. For the reasons discussed below, we do not find *Carachuri-Rosendo* compels a different result in the case at bar. Our prior precedent in *Harp* is thus unaffected by that decision and continues to control the disposition of this case.

---

[3]There is no dispute that the 1996 conviction was designated a Class I felony under North Carolina law. Under the applicable North Carolina statute, the maximum sentence for a defendant with the worst criminal history convicted of a Class I felony with aggravating factors is fifteen months. The maximum sentence for a defendant with any lower criminal history or with presumptive or mitigating offense factors is less than twelve months. N.C. Gen. Stat. § 15A-1340.17(c)-(d).

Simmons' 1996 conviction resulted in a suspended sentence of six to eight months, which was within the presumptive range pursuant to the statutory sentencing structure set forth in N.C. Gen. Stat. § 15A-1340.17(c), which took into consideration both the nature of the offense and Simmons' criminal history.

## II.

### A.

We begin by summarizing the Supreme Court's decision in *Carachuri-Rosendo*. The issue before the Court was whether one of Carachuri-Rosendo's prior state misdemeanor convictions for drug possession constituted an "aggravated felony" for immigration law purposes under 8 U.S.C. § 1229b(a)(3). *See* 130 S. Ct. at 2580. An aggravated felony conviction would make Carachuri-Rosendo ineligible for discretionary relief from removal proceedings.[4] Looking through "[t]he maze of statutory cross-references," the Supreme Court held that Carachuri-Rosendo's state conviction was not an "aggravated felony" under the applicable definitional section, 8 U.S.C. § 1101(a)(43). *Id.* at 2580-81.

The Court began its analysis by observing the cross-referenced federal statutes criminalizing simple possession of the narcotics at issue in Carachuri-Rosendo's state conviction. Based on that analysis, the Court concluded Carachuri-Rosendo's acts underlying the state court conviction would have subjected him to a maximum term of imprisonment of less than one year had the prosecution been in federal court unless the conviction was for what the Court denominated "recidivist simple possession," which was punishable by a term of imprisonment of up to two years. Thus, only a conviction for recidivist possession "conceivably" qualified as an "aggravated felony" under 8 U.S.C. § 1101(a)(43). *Id.* at 2581-83.

The Supreme Court then rejected the argument that Carachuri-Rosendo's state conviction was an "aggravated felony" because he "*could have been* prosecuted" in federal

---

[4] 8 U.S.C. § 1229b(a)(3) provides that certain individuals may seek discretionary relief in the form of cancellation of removal or waiver of inadmissibility if they have "not been convicted of any aggravated felony."

court for recidivist simple possession due to his prior drug offenses. *Id.* at 2584, 2587 (emphasis added). Instead, the Court looked to Carachuri-Rosendo's actual offense of conviction, which was a simple possession offense. The Supreme Court also noted that Texas law authorizes a sentencing enhancement for such a conviction only if the prosecutor proves the defendant had been previously convicted of an offense of a similar class. Although the Texas prosecutor could have charged Carachuri-Rosendo as a recidivist and sought such an enhancement, the prosecutor elected not to do so, and instead charged him only for simple possession. *Id.* at 2585-88. Thus under the state statute by which Carachuri-Rosendo was charged and convicted, Carachuri-Rosendo's conviction was for simple possession without a recidivist component.

The Court concluded that adopting the Government's position would ignore the text of 8 U.S.C. § 1229b(a)(3), which requires that an individual have been "*convicted* of a[n] aggravated felony" rather than that the individual "might have or could have been charged" with a felony. *Id.* at 2586 (internal quotation marks omitted). The Supreme Court emphasized

> the Government's abstracted approach to [drug offenses] cannot be reconciled with the more concrete guidance of 8 U.S.C. § 1229b(a)(3), which limits the Attorney General's cancellation authority only when the noncitizen has actually been "convicted of a[n] aggravated felony" — not when he merely could have been convicted of a felony but was not.

*Id.* at 2587.

In conclusion, the Supreme Court's decision in *Carachuri-Rosendo* held that "the text and structure of the relevant statutory provisions demonstrate" that

> the defendant must have been *actually convicted* of a crime that is itself punishable as a felony under

federal law. The mere possibility that the defendant's conduct, coupled with facts outside of the record of conviction, could have authorized a felony conviction under federal law is insufficient to satisfy the statutory command that a noncitizen be "convicted of a[n] aggravated felony" before he loses the opportunity to seek cancellation of removal.

*Id.* at 2589 (quoting 8 U.S.C. § 1229b(a)(3)).

B.

On remand, Simmons contends the "practical effect of [*Carachuri-Rosendo*] is to discard the 'hypothetical defendant' analysis [of *Harp*] and to replace it with a framework which looks at whether the defendant was actually prosecuted" for an offense with characteristics subjecting him to an actual "possibility of a sentence in excess of one year." (Appellant's Supp. Br. 6.) Simmons asserts that because his criminal history placed him in "prior record level 1" for his state Class I felony conviction under N.C. Gen. Stat. § 15A-1340.17, *he* did not face a sentence in excess of one year under any circumstances. Accordingly, Simmons maintains that his 1996 conviction does not qualify as a "felony drug offense" for purposes of enhancing his sentence under 21 U.S.C. § 842(b)(1)(D).

The Government responds that *Carachuri-Rosendo*'s holding is narrower than Simmons contends and does not address the issue in this case, which was previously decided in *Harp* and is supported by the Supreme Court's decision in *Rodriquez*. Pointing to *Rodriquez*, the Government observes that the Supreme Court considered and rejected the contention that mandatory sentencing guidelines that cap a defendant's punishment range decrease the "maximum term" of imprisonment analysis under the Armed Career Criminal Act's ("ACCA") recidivist enhancements. The Government also distinguishes *Carachuri-Rosendo* by pointing out "an impor-

tant textual difference" between the statute at issue there —
which required a defendant to be "convicted of a[n] aggra-
vated felony" — and the statute at issue here, which requires
a defendant be convicted of an offense "punishable" by more
than one year of incarceration. (Appellee's Supp. Br. 11.)
Lastly, the Government posits there is a difference between
the hypothetical disfavored in *Carachuri-Rosendo* — whether
the defendant could have been prosecuted, but was not, for a
particular offense — and the analysis engaged in here —
whether the offense for which the defendant was actually con-
victed could have provided a particular term of imprisonment.

C.

At the outset, we note that when the Supreme Court grants
certiorari, vacates an opinion, and remands for further consid-
eration, it makes no determination on the merits of the under-
lying opinion. Instead, such an order indicates that intervening
case law "*may* affect the outcome of the litigation" and that
the intermediary appellate court should have the opportunity
to fully consider the issue in light of the additional precedent.
*See Tyler v. Cain*, 533 U.S. 656, 666 n.6 (2001) (emphasis
added) (citing *Lawrence v. Chater*, 516 U.S. 163, 166-68
(1996) (per curiam)). After reviewing the issue anew, we are
free to enter the same judgment if we "conclude that the new
precedent does not require a different outcome," just as we
may conclude that "the intervening precedent will result in a
different outcome." *Vazquez-Valentin v. Santiago-Diaz*, 459
F.3d 144, 147-48 (1st Cir. 2006) (citations omitted).

Having reviewed the Supreme Court's decision in
*Carachuri-Rosendo* and the issues raised in the case at bar,
we conclude that *Carachuri-Rosendo* is inapplicable to our
present inquiry. That *Carachuri-Rosendo* involved an immi-
gration proceeding, and the case sub judice concerns criminal
sentencing, is a distinction, but it is not dispositive standing
alone. What we find dispositive is that the plain language of
the immigration statute interpreted by the Supreme Court in

that case differs in critical respects from the statute at issue in the criminal proceeding before us. Whatever the impact of *Carachuri-Rosendo* in other settings, it does not compel a different view of the plain language of § 802(44).

The inquiry in *Carachuri-Rosendo* was whether Carachuri-Rosendo had been "convicted of a[n] 'aggravated felony.'" *See* 130 S. Ct. at 2580; *see also* 8 U.S.C. § 1229b(a)(3). In making that determination, the Supreme Court considered only the offense with which Carachuri-Rosendo was actually charged and convicted. *See id.* at 2589 ("The mere possibility that the defendant's conduct, coupled with facts outside of the record of conviction, could have authorized a felony conviction under federal law is insufficient to satisfy the statutory command that a noncitizen be 'convicted of a[n] aggravated felony' before he loses the opportunity to seek cancellation of removal."). In other words, because the Court was concerned with how that specific defendant was actually charged—its inquiry was necessarily defendant-specific.

In contrast, the issue before us here is whether the *offense* for which the defendant was convicted was "punishable" by more than one year of incarceration. 21 U.S.C. § 802(44). This case does not raise the question from *Carachuri-Rosendo* of whether a state court prosecutor could have charged Simmons differently. The specific circumstances surrounding Simmons' conviction and the prosecutor's charging decisions are irrelevant. We are only to evaluate the nature of Simmons' statutorily-created offense. Thus, the inquiry in this case is offense-specific.

In order for Simmons to be subject to the enhanced sentencing provisions of § 841(b)(1)(D), he must have "a prior conviction for" "an *offense* that is punishable by imprisonment for more than one year." Relying on *Carachuri-Rosendo*, Simmons contends that decision requires us to no longer examine the possible punishments under his *offense* of conviction, but instead to look to the specific factors support-

ing only *his* 1996 conviction to determine whether *he* could have received a sentence of imprisonment exceeding one year. We disagree.

Simmons' argument is contrary to the plain language of the statute defining "felony drug offense" as an "offense . . . punishable by imprisonment for more than one year." Section 802(44) does not define a felony drug offense in terms of an individual defendant's particular sentencing factors, but in terms of the statutorily-created offense. Simmons did not contend in the district court, in the previous appeal, or now, that other defendants identically charged and convicted under the same North Carolina statute could not have been imprisoned for more than one year. Nor could he have done so. As we explained in *Harp*:

> In [*United States v. Jones*, 195 F.3d 205 (4th Cir. 1999)], we held, in the context of a felon-in-possession-of-firearm conviction, *see* 18 U.S.C.A. § 922(g)(1) (West 2000), that a prior North Carolina conviction was for "a crime punishable by imprisonment for a term exceeding one year," *id.*, if *any* defendant charged with that crime could receive a sentence of more than one year. *See Jones*, 195 F.3d at 206-07. In so doing, we reasoned:
>
>> [I]n § 922(g)(1), "punishable" is an adjective used to describe "crime." As such, it is more closely linked to the conduct, the crime, than it is to the individual convicted of the conduct. Congress could have written § 922(g)(1) differently had it intended to focus on the individual in particular rather than the crime for which the individual was convicted. Instead of the phrase, "individual convicted . . . of a crime punishable by imprisonment for a term exceeding one year," Congress could have used the phrase,

> "individual *punished* by imprisonment for a term exceeding one year" or even "individual *sentenced* for imprisonment for a term exceeding one year."

> *Id.* at 207 (internal quotation marks omitted) (alterations in original). Thus, to determine whether a conviction is for a crime punishable by a prison term exceeding one year, *Jones* dictates that we consider the maximum *aggravated* sentence that could be imposed for that crime upon a defendant with the worst possible criminal history. *See id.* at 206-08.

*Harp*, 406 F.3d at 246. Nothing in *Carachuri-Rosendo* changes the fact that "punishable" in § 802(44) is an adjective modifying the "offense" of conviction, not the acts underlying a particular defendant's case.

As we concluded in *Harp*, the statute requires us to examine whether the statutory offense, not the particular defendant's conduct, is "punishable" by more than one year of imprisonment. To do so, we look to the maximum aggravated sentence that could be imposed upon a defendant with the worst criminal history category for that offense in order to define how that offense is "punishable." Adopting Simmons' argument would require us to rewrite the plain language of § 802(44) to define "felony drug offense" not as "an offense that is punishable by imprisonment for more than one year," but as, for example, "an offense for which the defendant is punished by imprisonment for more than one year" or "an offense for which the defendant is subject to punishment by imprisonment for more than one year." We are, of course, obliged to give effect to the statute as written and are not at liberty to rewrite it. *La. Pub. Serv. Comm'n v. FCC*, 476 U.S. 355, 376 (1986) ("As we so often admonish, only Congress can rewrite [a] statute.").

Unlike the analysis rejected in *Carachuri-Rosendo*, then, the analysis required in *Harp* does not look to facts beyond

the offense of conviction to determine, hypothetically, whether a defendant could have been charged with another offense that would satisfy the requirements at issue. Instead, we consider the defendant's actual offense of conviction, and how that offense is "punishable." While the lower courts in *Carachuri-Rosendo* erred by looking outside the offense of conviction to construe the defendant's actual conviction as a conviction for another offense in order to qualify as an aggravated felony, here we are looking at Simmons' actual offense of conviction to determine whether that offense satisfies the statutory requirement of being "punishable by imprisonment for more than one year."

### D.

Having concluded that *Carachuri-Rosendo* does not implicate the analysis at issue in this case, we turn to whether Simmons' conviction is for an "offense . . . punishable for more than one year." In light of our decision in *Harp*,[5] that inquiry is straightforward: Simmons' 1996 conviction was a violation of N.C. Gen. Stat. § 90-95(a), which is a Class I felony. Pursuant to N.C. Gen. Stat. § 15A-1340.17(d), the maximum sentence for a defendant with the worst criminal history convicted of a Class I felony with aggravating factors is fifteen months. Thus, Simmons' 1996 conviction is clearly for an "offense that is punishable by imprisonment for more than one year."[6] Accordingly, the district court did not err in rely-

---

[5]The statutory definition of felony drug offense in 21 U.S.C. § 802(44) is identical to the provision at issue in *Harp*, United States Sentencing Guidelines Manual §§ 4B1.1(a) and 4B1.2(b) ("an[ ] *offense* . . . punishable by imprisonment for a term exceeding one year"), and it is indistinguishable from the statute at issue in *Jones*, 18 U.S.C. § 922(g)(1) ("a *crime* punishable by imprisonment for a term exceeding one year").

[6]During the original appeal, we rejected Simmons' contention that the Supreme Court's decision in *Rodriquez*, which was decided after he was sentenced, implicitly overruled our decision in *Harp*. Nothing has transpired which changes our view on that issue. If anything, the Supreme Court's analysis in *Rodriquez* is in harmony with the *ratio decidendi* of

ing on the 1996 conviction as a basis for enhancing Simmons' sentence under 21 U.S.C. § 841(b)(1)(D).

### III.

Simmons also argues that the district court erred in failing to provide a hearing in violation of 21 U.S.C. § 851(c)(1) so he could establish that counsel in his 1996 conviction provided ineffective assistance.[7] However, as the Government points out, any failure to provide such a hearing would constitute harmless error because Simmons' collateral attack on the prior conviction was plainly barred by the five-year statute of limitations in 21 U.S.C. § 851(e).[8]

The Government's information in this case was filed on August 17, 2007. Simmons' prior conviction occurred on January 29, 1996, well beyond the five-year timeframe for a collateral challenge to the validity of that conviction. Simmons argues that he is not subject to the five-year limitation because

---

our prior holdings in *Harp* and *Jones*, which require the Court to "consider the maximum *aggravated* sentence that could be imposed for that crime upon a defendant with the worst possible criminal history." *Harp*, 406 F.3d at 246 (emphasis omitted) (citing *Jones*, 195 F.3d at 206-08 (reconciling the language of § 922(g)(1) "with North Carolina's sentencing scheme by viewing the offense statutory maximum as the statutory maximum for the crime, regardless of the prior criminal record status of the defendant.")).

[7] Simmons alleges that his counsel's representation at that time was constitutionally deficient because he erroneously informed Simmons that pleading guilty was the only way to avoid jail time when, in fact, he was only subject to probation.

[8] The statute provides that

No person who stands convicted of an offense under this part may challenge the validity of any prior conviction alleged under this section which occurred more than five years before the date of the information alleging such prior conviction.

21 U.S.C. § 851(e).

he was unaware of the substantial constitutional defects in his prior conviction until consulting with counsel in the present case. Simmons fails, however, to produce authority supporting any such notice requirement in circumstances such as these and we find none. Therefore, even if we assume Simmons properly requested a hearing to challenge the prior conviction (an issue we need not decide), any error in not conducting such a hearing was harmless as a matter of law.

## IV.

For the reasons set forth above we affirm the judgment of the district court.

*AFFIRMED*