**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 10-5021**

———————

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

EDRY VARGAS-VENTURA,

        Defendant - Appellant.

———————

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro. James A. Beaty, Jr., Chief District Judge. (1:09-cr-00411-TDS-1)

———————

Submitted: March 23, 2011        Decided: March 31, 2011

———————

Before NIEMEYER, DUNCAN, and WYNN, Circuit Judges.

———————

Affirmed by unpublished per curiam opinion.

———————

Louis C. Allen III, Federal Public Defender, Mireille P. Clough, Assistant Federal Public Defender, Winston-Salem, North Carolina, for Appellant. Ripley Rand, United States Attorney, Michael F. Joseph, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Edry Vargas-Ventura appeals his twenty-four-month sentence imposed following his guilty plea to illegal reentry after removal from the United States, in violation of 8 U.S.C. § 1326(a) (2006). Finding no reversible error, we affirm.

Vargas-Ventura's sole claim on appeal is that the district court erred in applying a four-level enhancement pursuant to U.S. Sentencing Guidelines Manual ("USSG") § 2L1.2(b)(1)(D) (2009), based on its finding that he was deported following a felony conviction. In the district court, the probation officer specifically identified two state felony convictions to support the enhancement – possession of a stolen motor vehicle and felony hit and run. Vargas-Ventura points out that he received a sentence of only seven to nine months of imprisonment for each of these convictions. Moreover, he contends that he could not have received a sentence of more than one year under North Carolina's structured sentencing scheme given his criminal record.

Vargas-Ventura acknowledges that his argument may be foreclosed by our opinion in United States v. Harp, 406 F.3d 242, 246 (4th Cir. 2005), in which we held that, in determining whether a conviction is for a crime punishable by a prison term exceeding one year, a district court must consider the maximum aggravated sentence that would be imposed for that crime upon a

2

defendant with the worst possible criminal history. Vargas-Ventura requests that we hold his case in abeyance for United States v. Simmons, __ F.3d __, 2011 WL 546425 (4th Cir.), reh'g en banc granted (Mar. 18, 2011), a case in which we recently granted rehearing en banc and that may provide us with an opportunity to revisit the holding in Harp.

In response, the Government suggests an alternate basis on which to affirm the district court's judgment. Vargas-Ventura was also convicted of misdemeanor driving while impaired under state law and received a sentence of twenty-four months of imprisonment. This conviction meets the definition of "felony" for purposes of USSG § 2L1.2(b)(1)(D). See USSG § 2L1.2, cmt. n.2 ("For purposes of subsection . . . (D), 'felony' means any federal, state, or local offense punishable by imprisonment for a term exceeding one year."); cf. Burgess v. United States, 553 U.S. 124, 126 (2008) (holding that a "felony drug offense" is "an offense punishable by more than one year," as defined in 21 U.S.C. § 802(44) (2006), regardless of whether the state of conviction classified the particular offense as a misdemeanor or felony); Wireko v. Reno, 211 F.3d 833, 835 (4th Cir. 2000) ("Under the plain language of [the statute defining aggravated felony], there is no requirement that the offense actually have been a felony, as that term is conventionally understood.").

There is clearly a basis to support the four-level enhancement imposed by the district court; accordingly, we affirm the criminal judgment. See <u>United States v. McHan</u>, 386 F.3d 620, 623 (4th Cir. 2004) (recognizing we are entitled to affirm on any ground supported by the record, including theories not relied upon by the district court). Because we uphold the enhancement based on a prior North Carolina "misdemeanor" conviction for driving while impaired on which defendant received 24 months of imprisonment, we deny Vargas-Ventura's motion to hold this case in abeyance for <u>Simmons</u>. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>