**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 11-4573**

UNITED STATES OF AMERICA,

            Plaintiff - Appellee,

      v.

ANJUAN DANGELO TERRY,

            Defendant – Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  N. Carlton Tilley, Jr., Senior District Judge.  (1:10-cr-00307-NCT-1)

Submitted: September 29, 2011        Decided: October 7, 2011

Before WILKINSON, DUNCAN, and KEENAN, Circuit Judges.

Affirmed in part, vacated in part, and remanded by unpublished per curiam opinion.

Louis C. Allen, III, Federal Public Defender, William S. Trivette, Assistant Federal Public Defender, Greensboro, North Carolina, for Appellant.  Robert Albert Jamison Lang, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Anjuan Dangelo Terry appeals his ninety-four-month sentence following his guilty plea to one count of possession of a firearm by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2) (2006). On appeal, Terry argues that the district court erred in calculating his base offense level under U.S. Sentencing Guidelines Manual ("USSG") § 2K2.1(a)(2) (2010) because one of the two prior convictions on which that Guideline was based — Terry's North Carolina state conviction for possession with the intent to sell or deliver cocaine — was not punishable by imprisonment for a term exceeding one year. Following the filing of Terry's opening appellate brief, the parties filed a joint motion to remand this case for resentencing in light of United States v. Simmons, 649 F.3d 237, 2011 WL 3607266 (4th Cir. 2011) (en banc). We affirm Terry's conviction, vacate his sentence, and remand for resentencing.

Under USSG § 2K2.1(a)(2), a defendant's base offense level is twenty-four if he commits any part of the subject offense "subsequent to sustaining at least two felony convictions of either a crime of violence or a controlled substance offense." A prior offense does not qualify as a "felony conviction" for purposes of the Guideline unless it is punishable by "death or imprisonment for a term exceeding one year." USSG § 2K2.1, cmt. n.1.

2

Terry argues that his prior state conviction was not punishable by more than one year of imprisonment. See N.C. Gen. Stat. § 15A-1340.17(c)-(d) (2009) (setting forth minimum and maximum sentences applicable under the North Carolina Structured Sentencing Act). When Terry raised this argument in the district court, it was foreclosed by our panel decisions in United States v. Simmons, 635 F.3d 140, 146 (4th Cir. 2011) (holding that, to determine whether a North Carolina conviction for a crime is punishable by a prison term exceeding one year, a court is to "consider the maximum aggravated sentence that could be imposed for that crime upon a defendant with the worst possible criminal history" (internal quotation marks and emphasis omitted)), and United States v. Harp, 406 F.3d 242, 246 (4th Cir. 2005) (same). The en banc decision in Simmons reversed this precedent, holding that a prior North Carolina offense is punishable by imprisonment for a term exceeding one year only if the particular defendant is eligible for such a sentence under the applicable statutory scheme, taking into account his criminal history and the nature of his offense. Simmons, 649 F.3d at ___, 2011 WL 3607266, at *8.

Applying the en banc decision in Simmons here, we conclude after review of the state judgment that Terry's prior North Carolina conviction was not punishable by imprisonment for a term exceeding one year. The offense was a class H felony,

3

and the state judgment reveals a prior record level of II. Under the North Carolina Structured Sentencing Act, Terry could not have been imprisoned for a term exceeding one year for that conviction. N.C. Gen. Stat. § 15A-1340.17(c)-(d). The conviction was therefore not a proper predicate conviction for purposes of USSG § 2K2.1(a)(2).

Accordingly, we grant the parties' joint motion, vacate Terry's sentence, and remand to the district court for resentencing. Terry does not challenge his conviction on appeal, and we therefore affirm it. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED IN PART</u>,
<u>VACATED IN PART</u>,
<u>AND REMANDED</u>