**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 11-4316**

_____

UNITED STATES OF AMERICA,

             Plaintiff - Appellee,

       v.

ERIC ROCHAT SPANGER,

             Defendant - Appellant.

_____

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte. Robert J. Conrad, Jr., Chief District Judge. (3:10-cr-00021-RJC-1)

_____

Submitted: November 29, 2011        Decided: December 15, 2011

_____

Before KING, KEENAN, and DIAZ, Circuit Judges.

_____

Affirmed in part, vacated in part, and remanded by unpublished per curiam opinion.

_____

John J. Cacheris, LAW OFFICE OF JOHN J. CACHERIS, P.C., Charlotte, North Carolina, for Appellant. Amy Elizabeth Ray, Assistant United States Attorney, Asheville, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Eric Rochat Spanger appeals his 180-month sentence following his guilty plea to one count of possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1) (2006). On appeal, Spanger argues that the district court erred in sentencing him as an armed career criminal because the prior convictions on which that status was based — Spanger's four North Carolina state convictions for breaking and entering — were not punishable by imprisonment for terms exceeding one year. Following the filing of Spanger's opening appellate brief, the Government filed an unopposed motion to remand this case for resentencing in light of United States v. Simmons, 649 F.3d 237 (4th Cir. 2011) (en banc). We affirm Spanger's conviction, vacate his sentence, and remand for resentencing.

A defendant is properly designated an armed career criminal if he is subject to the enhanced sentence under the provisions of 18 U.S.C. § 924(e) (2006). U.S. Sentencing Guidelines Manual § 4B1.4(a) (2010). The enhanced sentence under 18 U.S.C. § 924(e) applies to a defendant who violates 18 U.S.C. § 922(g) and has "three previous convictions . . . for a violent felony or a serious drug offense, or both." 18 U.S.C. § 924(e)(1). To qualify as a "violent felony," the conviction

2

at issue must be "punishable by imprisonment for a term exceeding one year." Id. § 924(e)(2)(B).

Spanger argues that his prior state convictions for breaking and entering were not punishable by terms of imprisonment exceeding one year. See N.C. Gen. Stat. § 15A-1340.17(c)-(d) (2009) (setting forth minimum and maximum sentences applicable under the North Carolina Structured Sentencing Act). When Spanger raised this argument in the district court, it was foreclosed by our panel decisions in United States v. Simmons, 635 F.3d 140, 146 (4th Cir. 2011) (holding that, to determine whether a North Carolina conviction for a crime is punishable by a prison term exceeding one year, a court is to "consider the maximum aggravated sentence that could be imposed for that crime upon a defendant with the worst possible criminal history" (internal quotation marks and emphasis omitted)), and United States v. Harp, 406 F.3d 242, 246 (4th Cir. 2005) (same). The en banc decision in Simmons reversed this precedent, holding that a prior North Carolina offense is punishable by imprisonment for a term exceeding one year only if the particular defendant is eligible for such a sentence under the applicable statutory scheme, taking into account his criminal history and the nature of his offense. Simmons, 649 F.3d at 241-47.

Applying the en banc decision in Simmons here, we conclude after review of the state judgment that Spanger's prior North Carolina convictions were not punishable by terms of imprisonment exceeding one year. The offenses were class H felonies. N.C. Gen. Stat. § 14-54(a) (2009). Additionally, the state judgment reveals that Spanger had eight prior record points — resulting in a prior record level of III — and that Spanger was sentenced in the presumptive range. Under the North Carolina Structured Sentencing Act, Spanger could not have been imprisoned for terms exceeding one year for his prior convictions. N.C. Gen. Stat. §§ 15A-1340.14(c)(3), -1340.17(c)-(d) (2009). The convictions were therefore not proper predicate convictions for purposes of 18 U.S.C. § 924(e).

Accordingly, we grant the Government's motion, vacate Spanger's sentence, and remand the case to the district court for resentencing. Spanger does not challenge his conviction on appeal, and we therefore affirm it. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED IN PART,
VACATED IN PART,
AND REMANDED

4