**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

─────────────

**No. 11-4426**

─────────────

UNITED STATES OF AMERICA,

            Plaintiff – Appellee,

      v.

CLEVO SHUFF,

            Defendant - Appellant.

─────────────

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte.  Frank D. Whitney, District Judge.  (3:09-cr-00008-FDW-1)

─────────────

Submitted:  December 30, 2011          Decided:  January 10, 2012

─────────────

Before MOTZ, KING, and DUNCAN, Circuit Judges.

─────────────

Affirmed in part, vacated in part, and remanded by unpublished per curiam opinion.

─────────────

Eric J. Foster, LAW OFFICE OF RICK FOSTER, Asheville, North Carolina, for Appellant.  Anne M. Tompkins, United States Attorney, Richard Lee Edwards, Assistant United States Attorney, Asheville, North Carolina, for Appellee.

─────────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Clevo Shuff was convicted after a jury trial of one count of conspiracy to distribute and to possess with the intent to distribute at least fifty grams of cocaine base and aiding and abetting, in violation of 18 U.S.C. § 2 (2006), 21 U.S.C.A. § 841(b)(1)(A) (West 2006 & Supp. 2011), and 21 U.S.C. § 846 (2006) (count one), one count of possession with the intent to distribute at least five grams of cocaine base and aiding and abetting, in violation of 18 U.S.C. § 2 and 21 U.S.C.A. § 841(a), (b)(1)(B) (count two), and one count of using and carrying a firearm during and in relation to a drug trafficking crime, in violation of 18 U.S.C. § 924(c) (2006) (count three). The district court determined that Shuff was a career offender under the U.S. Sentencing Guidelines Manual ("USSG") (2009) and subject to a mandatory life sentence under 21 U.S.C.A. § 841(b)(1)(A) on count one based on his two prior North Carolina state convictions for possession with the intent to sell or deliver cocaine. The district court sentenced Shuff to life in prison on count one, a concurrent term of 360 months' imprisonment on count two, and a consecutive term of sixty months' imprisonment on count three. On appeal, Shuff challenges his convictions and his sentences on counts one and two. We affirm Shuff's convictions, affirm the sentence on

2

count three, vacate the sentences on counts one and two, and remand for resentencing.

Shuff's first claim of error is that the district court erred in failing to instruct the jury on multiple conspiracies. Because Shuff did not request a multiple conspiracies instruction in the proceedings below or object to the jury instructions as given, we review this claim for plain error. United States v. Robinson, 627 F.3d 941, 953-54 (4th Cir. 2010). To succeed under the plain-error standard, Shuff must establish that the district court erred, that the error was plain, and that the error affected his substantial rights. Id. at 954. Even if Shuff makes this showing, however, we retain discretion to deny relief and will not correct a plain error unless not correcting the error "would result in a miscarriage of justice or would otherwise seriously affect the fairness, integrity or public reputation of judicial proceedings." Id. (internal quotation marks, citation, and alteration omitted).

"A court need only instruct on multiple conspiracies if such an instruction is supported by the facts." United States v. Mills, 995 F.2d 480, 485 (4th Cir. 1993). Thus, "[a] multiple conspiracy instruction is not required unless the proof at trial demonstrates that appellant[] [was] involved only in separate conspiracies unrelated to the overall conspiracy

3

charged in the indictment." United States v. Squillacote, 221 F.3d 542, 574 (4th Cir. 2000) (internal quotation marks and emphases omitted). We have previously explained "that a single conspiracy exists[] when the conspiracy had the same objective, it had the same goal, the same nature, the same geographic spread, the same results, and the same product." United States v. Jeffers, 570 F.3d 557, 567 (4th Cir. 2009) (internal quotation marks and alteration omitted). After review of the trial transcript, we conclude that sufficient evidence exists to demonstrate that the drug-trafficking activities of Shuff and his co-conspirators were related and part of a single, overarching conspiracy during the time charged in the indictment. The district court thus did not commit error—plain or otherwise—in failing to instruct the jury on multiple conspiracies.

Shuff also argues that the district court plainly erred in failing to instruct the jury on the difference between a drug conspiracy and a buyer-seller relationship. During the pendency of the trial, Shuff had requested that the district court issue a buyer-seller instruction to the jury. However, after the conclusion of the evidence, Shuff withdrew his request that the district court issue the instruction, and the district court complied. Assuming without deciding that the district court should have given a buyer-seller instruction, we conclude

4

that this claim is barred from review by the invited error doctrine. <u>United States v. Jackson</u>, 124 F.3d 607, 617 (4th Cir. 1997) ("The invited error doctrine recognizes that a court cannot be asked by counsel to take a step in a case and later be convicted of error, because it has complied with such request." (internal quotation marks omitted)). Further, Shuff fails to establish the presence of "extraordinary circumstances like an apparent miscarriage of justice or doubt as to the integrity of the judicial process" that would warrant our review of an error invited by an appellant. <u>United States v. Hickman</u>, 626 F.3d 756, 772 (4th Cir. 2010), <u>cert. denied</u>, 132 S. Ct. 469 (2011) (internal quotation marks omitted).

Next, Shuff argues that the district court erred in informing the jury pool during the voir dire proceeding about a legend that the ghost of a Confederate soldier haunted the courthouse. Although we ordinarily would review for abuse of discretion the manner in which the district court conducted the jury voir dire, <u>United States v. Hsu</u>, 364 F.3d 192, 203 (4th Cir. 2004), because Shuff did not object to the court's telling of the legend, we review this claim for plain error only. <u>Robinson</u>, 627 F.3d at 953-54.

After review of the record, we conclude that Shuff fails to establish any plain error that affected his substantial rights. During the voir dire proceeding, when counsel for Shuff

5

and the Government were deciding whether to exercise any strikes against potential jurors, the district court gave a lengthy discourse in which it described the history of the courthouse and the land on which it was situated. As part of the narrative, the court mentioned that a building on the land had been seized by the Confederacy in 1861 and that there existed a legend that a "Confederate ghost" roamed the courthouse hallways. In Shuff's view, it was error for the court to mention the legend because, in so doing, the court necessarily conveyed to the jury pool that "someone or something [was] watching and interested in the outcome" of the trial and that the "desired outcome [of the trial was] not the freedom of a black man." Shuff, however, fails to point to anything in the record that would support these imaginative assertions. Further, after a review of the transcript of the jury voir dire, we are satisfied that no reasonable observer would conclude that there was even the appearance that Shuff's race played a role in the proceeding. See United States v. Kaba, 480 F.3d 152, 156-57 (2nd Cir. 2007). This claim is therefore without merit.

Finally, Shuff argues that the district court erred in imposing the enhanced mandatory minimum sentence of life imprisonment on count one and in sentencing him as a career offender on count two because the prior convictions on which those sentences were based were not punishable by imprisonment

6

for terms exceeding one year. A defendant is properly subject to a mandatory minimum term of life imprisonment if he commits a violation of 21 U.S.C.A. § 841(b)(1)(A) "after two or more prior convictions for a felony drug offense have become final." 21 U.S.C.A. § 841(b)(1)(A). An offense does not qualify as a "felony drug offense" unless it is "punishable by imprisonment for more than one year under any law of the United States or of a State or foreign country that prohibits or restricts conduct relating to narcotic drugs, mari[j]uana, anabolic steroids, or depressant or stimulant substances." 21 U.S.C.A. § 802(44) (West Supp. 2011). A defendant is properly designated a career offender if: (1) he was at least eighteen years old at the time he committed the instant offense; (2) the instant offense is a felony crime of violence or controlled substance offense; and (3) he "has at least two prior felony convictions of either a crime of violence or a controlled substance offense." USSG § 4B1.1(a). An offense does not qualify as a "crime of violence" or a "controlled substance offense" unless it is "punishable by imprisonment for a term exceeding one year." USSG § 4B1.2(a).

Shuff contends that, in light of this court's en banc decision following rehearing in United States v. Simmons, 649 F.3d 237 (4th Cir. 2011) (en banc), his prior state convictions for possession with the intent to sell or deliver

7

cocaine were not punishable by terms of imprisonment exceeding one year. See N.C. Gen. Stat. § 15A-1340.17(c)-(d) (2009) (setting forth minimum and maximum sentences applicable under the North Carolina Structured Sentencing Act). When Shuff raised this argument in the district court, it was foreclosed by our panel decisions in United States v. Simmons, 635 F.3d 140, 146 (4th Cir. 2011) (holding that, to determine whether a North Carolina conviction for a crime is punishable by a prison term exceeding one year, a court is to "consider the maximum aggravated sentence that could be imposed for that crime upon a defendant with the worst possible criminal history" (internal quotation marks and emphasis omitted)), and United States v. Harp, 406 F.3d 242, 246 (4th Cir. 2005) (same). The en banc decision in Simmons reversed this precedent, holding that a prior North Carolina offense is punishable by imprisonment for a term exceeding one year only if the particular defendant is eligible for such a sentence under the applicable statutory scheme, taking into account his criminal history and the nature of his offense. Simmons, 649 F.3d at 241-47.

Applying the en banc decision in Simmons here, we conclude after review of the state judgments that Shuff's prior North Carolina convictions for possession with the intent to sell or deliver cocaine were not punishable by terms of imprisonment exceeding one year. The offenses were both class H

felonies, and the state judgments reveal that Shuff had a prior record in levels II and III and was sentenced in the presumptive range for each offense. Under the North Carolina Structured Sentencing Act, Shuff could not have been imprisoned for terms exceeding one year for his prior convictions. N.C. Gen. Stat. § 15A-1340.17(c)-(d). The convictions were therefore not proper predicates for purposes of 21 U.S.C.A. § 841(b)(1)(A) or the career offender Guideline.

Accordingly, we affirm Shuff's convictions. We vacate Shuff's life sentence on count one and the 360-month sentence on count two, and we remand the case to the district court for resentencing. Shuff does not challenge his 60-month sentence on count three, and we therefore affirm it. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED IN PART,
VACATED IN PART,
AND REMANDED

9