**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

─────────────

**No. 12-4707**

─────────────

UNITED STATES OF AMERICA,

                    Plaintiff - Appellee,

          v.

CLEVO SHUFF,

                    Defendant - Appellant.

─────────────

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte. Frank D. Whitney, Chief District Judge. (3:09-cr-00008-FDW-1)

─────────────

Submitted: April 29, 2013            Decided: July 18, 2013

─────────────

Before MOTZ, KING, and DUNCAN, Circuit Judges.

─────────────

Affirmed by unpublished per curiam opinion.

─────────────

Randolph Marshall Lee, Charlotte, North Carolina, for Appellant. Anne M. Tompkins, United States Attorney, Melissa L. Rikard, Assistant United States Attorney, Charlotte, North Carolina, for Appellee.

─────────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Clevo Shuff was convicted after a jury trial of one count of conspiracy to distribute and to possess with intent to distribute at least fifty grams of cocaine base and aiding and abetting, in violation of 18 U.S.C. § 2 (2006), 21 U.S.C.A. § 841(b)(1)(A) (West 2006 & Supp. 2012), and 21 U.S.C. § 846 (2006) (count one), one count of possession with intent to distribute at least five grams of cocaine base and aiding and abetting, in violation of 18 U.S.C. § 2 and 21 U.S.C.A. § 841(a), (b)(1)(B) (count two), and one count of using and carrying a firearm during and in relation to a drug trafficking crime, in violation of 18 U.S.C. § 924(c) (2006) (count three). On remand following this court's affirmance of Shuff's convictions and sentence on count three and vacatur of Shuff's sentences on counts one and two,[*] the district court imposed an upward variance from the Guidelines range of 130 to 162 months' imprisonment and sentenced Shuff to concurrent terms of 240

---

[*] United States v. Shuff, 470 F. App'x 158, 162 (4th Cir. 2012) (No. 11-4426) (holding that Shuff's prior state convictions were not punishable by terms of imprisonment exceeding one year and thus were not proper predicates for purposes of 21 U.S.C.A. § 841(b)(1)(A) and the career offender Sentencing Guideline and vacating Shuff's life sentence on count one and career-offender-based sentence of 360 months' imprisonment on count two).

months' imprisonment. On appeal, Shuff challenges these sentences. We affirm.

We review the district court's sentence, "whether inside, just outside, or significantly outside the Guidelines range," under a "deferential abuse-of-discretion standard." Gall v. United States, 552 U.S. 38, 41 (2007). This standard of review involves two steps; under the first, we examine the sentence for significant procedural errors, and under the second, we review the substance of the sentence. United States v. Pauley, 511 F.3d 468, 473 (4th Cir. 2007) (examining Gall, 552 U.S. at 50-51). Significant procedural errors include "failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the [18 U.S.C.] § 3553(a) [(2006)] factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence — including an explanation for any deviation from the Guidelines range." Gall, 552 U.S. at 51. If there are no significant procedural errors, we then consider the substantive reasonableness of the sentence, "tak[ing] into account the totality of the circumstances." Id.

When the district court imposes a variant sentence, we consider "whether the . . . court acted reasonably both with respect to its decision to impose such a sentence and with

respect to the extent of the divergence from the sentencing range." United States v. Hernandez-Villanueva, 473 F.3d 118, 123 (4th Cir. 2007). Such a sentence is unreasonable if the district court "relie[d] on improper factors in imposing a sentence outside the properly calculated advisory sentencing range." Id.

After review of the record and the parties' briefs, we reject as without merit Shuff's argument that the district court's consideration on remand of the drug quantity involved in his offenses and his role with respect to his co-defendant—matters on which the Government relied in part in arguing for an upward variance from the Guidelines range—violated the mandate rule. The mandate rule "forecloses relitigation of issues expressly or impliedly decided by the appellate court," as well as "issues decided by the district court but foregone on appeal or otherwise waived, for example because they were not raised in the district court." United States v. Bell, 5 F.3d 64, 66 (4th Cir. 1993). Shuff and the Government, however, lacked the opportunity or incentive to raise these issues in his initial appeal or in a cross-appeal because the district court initially sentenced Shuff to the then-statutorily-required sentence of life imprisonment on count one, 21 U.S.C.A. § 841(b)(1)(A), and a career-offender-based-sentence on count two. Accordingly, the mandate rule did not bar the district court's consideration of

4

these matters on remand. See United States v. Quintieri, 306 F.3d 1217, 1229-30 (2d Cir. 2002) ("[I]f a sentencing determination had no practical effect on a . . . sentence at the original sentencing but becomes relevant only after appellate review, a [party] is free to challenge that sentencing determination on remand, and ultimately on reappeal, despite the failure to challenge that determination initially."); cf. Omni Outdoor Adver., Inc. v. Columbia Outdoor Adver., Inc., 974 F.2d 502, 505 (4th Cir. 1992) ("It is elementary that where an argument could have been raised on an initial appeal, it is inappropriate to consider that argument on a second appeal following remand." (internal quotation marks omitted)).

Shuff also challenges his sentences as otherwise procedurally unreasonable and as substantively unreasonable. We reject these contentions as well. Considered in their totality, Shuff's arguments in support of his claim of procedural error and his second argument supporting his claim of substantive error amount to a claim that the 240-month sentences are unreasonable because the district court violated the mandate rule in considering the drug quantity involved in his offenses, his role relative to his co-defendant, and his criminal history as part of its analysis under 18 U.S.C. § 3553(a). However, the mandate rule did not prohibit the district court from considering these matters in arriving at a sentence that was

5

sufficient, but not greater than necessary, to comply with § 3553(a)'s sentencing objectives, and Shuff does not identify any other rule of sentencing procedure prohibiting the district court from considering these issues on remand or suggest that the facts the court relied on in imposing the variant sentences were clearly or otherwise erroneous.

Additionally, at sentencing on remand—after calculating Shuff's Guidelines range, hearing his allocution, and hearing argument from counsel—the district court concluded that an upward variance under 18 U.S.C. § 3553(a) to concurrent terms of 240 months' imprisonment was necessary to achieve the purposes of sentencing. In reaching this conclusion, the district court properly considered the nature and circumstances of Shuff's offense conduct and the sentencing range established by the Guidelines, § 3553(a)(1), (4)(A), making note of Shuff's expressed threat to shoot police officers, the drug amounts involved in his offenses, and Shuff's role with respect to his co-defendant. The court also properly considered Shuff's history and characteristics and the need for the sentence to deter Shuff and to protect the public, § 3553(a)(1), (2)(B)-(C), addressing on the record Shuff's criminal history and rehabilitation efforts following initial sentencing. The district court's consideration of the relevant 18 U.S.C. § 3553(a) factors and articulation of its reasons for varying

6

from the Guidelines range support our decision to defer to its determination as to the extent of the variance. See United States v. Diosdado-Star, 630 F.3d 359, 366-67 (4th Cir.) (affirming substantive reasonableness of variance sentence six years greater than Guidelines range because sentence was based on the district court's examination of the § 3553(a) factors), cert. denied, 131 S. Ct. 2946 (2011); see also United States v. Angle, 598 F.3d 352, 359 (7th Cir. 2010) ("All that matters is that the sentence imposed be reasonable in relation to the 'package' of reasons given by the court.").

We therefore affirm the district court's amended judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED